KNOTT v. PACE.

4-5640                                       133 S. W. 2d 637

Opinion delivered November 13, 1939.

*Lee Ward,* for appellant.

*John M. Smith,* for appellee.

HOLT, J. On January 4, 1939, appellant, S. J. Knott, filed his complaint in the Crittenden chancery court, and later an amendment thereto, in which he alleged that a certain court order alleged to have been made and entered on February 23, 1937, by the Crittenden county court on its records, in which he was declared to be an insane person, is absolutely void.

The reasons for alleging said alleged county court order to be void were that no proper affidavit declaring appellant to be insane had been filed; no proper medical examinations by two disinterested physicians were made; that such purported medical examinations, as were made, were not under oath; that he was given no hearing in open court; was not notified of the hearing; and was not even present.

He further alleged that appellee, Mrs. W. C. Pace, was, subsequent to the above county court order on June 28, 1937, illegally appointed guardian over his person and property by the Crittenden probate court. Certified copies of the two court orders, above referred to, were attached as exhibits and made a part of appellant's original complaint.

Appellee, by answer and amendment thereto, denied that the two court orders set out in plaintiff's complaint are illegal and void, and further alleged that the order adjudging appellant to be an insane person on February 23, 1937, was in fact made by the Crittenden probate court, and not the county court, and that said order was entered on the county court records through a clerical mistake or misprision, and that appellant is now an insane person.

Appellant (plaintiff below) first filed a motion to strike defendant's (appellee's) original answer because the two court orders relied upon for her defense were void from the beginning, and did not constitute a defense. Upon the denial of this motion by the court, appellant later filed a motion to strike appellee's amended answer because it was not responsive to plaintiff's complaint and the court was without jurisdiction to determine plaintiff's present mental condition. This motion was also denied by the court.

At this point in the proceedings, appellant (plaintiff below) announced to the court that he would stand upon his motion to strike appellee's answer, and amendment thereto, and upon the record as made without introducing any testimony, whereupon the trial court dismissed his complaint for want of equity.

As indicated, the pleadings in the case constitute the record before us. On this record, appellant (plaintiff below) sought to have declared void an alleged order of the Crittenden county court declaring him to be an insane person, to have declared void an alleged subsequent order of the Crittenden probate court appointing appellee, Mrs. Pace, guardian over his person and property, and sought an order directing Mrs. Pace, as guardian, to make an accounting.

If the order of February 23, 1937, complained of by appellant, in which appellant was declared to be an insane person, were in fact made by the Crittenden probate court, the only court having jurisdiction to make the order, and not by the Crittenden county court, then it must follow that the subsequent order of the probate court appointing Mrs. Pace, appellee, guardian of appellant must be held valid.

We are of the view that appellee put this question squarely in issue when, in her answer and amendment thereto, she denied that the order in question was made by the Crittenden county court on February 23, 1937, but alleged that the order was in fact made by the Crittenden probate court and was entered on the county court records through a clerical error or misprision.

The motion of appellant to strike appellee's answer, and amendment thereto, we treat here in effect as a demurrer, and when so treated, appellant must be held to admit the truth of all the allegations set up by appellee in her answer and amendment thereto. In fact, this record discloses that appellant does not deny appellee's allegation in her amended answer that the order of February 23, 1937, was in fact made by the Crittenden probate court, and not the Crittenden county court, and that the order was erroneously spread upon the county court records by the clerk instead of upon the probate court records where it should have been entered.

We conclude, therefore, that no error is revealed in this record, and the decree of the chancellor is affirmed.